# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KENNETH BARBER, | \* | |
| | \* | No. 19-607V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: June 30, 2022 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for
Petitioner;
<u>Alexis B. Babcock</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On July 7, 2021, petitioner Kenneth Barber moved for final attorneys' fees
and costs. He is awarded **$26,338.65.**

\*       \*       \*

---

[1] Because this published decision contains a reasoned explanation for the action in this
case, the undersigned is required to post it on the United States Court of Federal Claims' website
in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services). This posting means the
decision will be available to anyone with access to the internet. In accordance with Vaccine Rule
18(b), the parties have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material from public access.

On April 24, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis and pneumococcal conjugate vaccines he received on February 21, 2018, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. Petition at 1. On May 24, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on May 25, 2021. 2021 WL 2377232.

On July 7, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $25,672.40 and attorneys' costs of $866.25 for a total request of $26,538.65. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of her case. Fees App. Ex. 3. On July 21, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on July 22, 2021, reiterating his belief that the requested attorneys' fees and costs are reasonable.

\*       \*       \*

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel, Ms. Diana Stadelnikas: $415.00 per hour for work performed in 2019, $440.00 per hour for work performed in 2020, and $470.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded for her Vaccine Program work and they shall be awarded herein. See, e.g., Correa v. Sec'y of Health & Human Servs., No. 19-592V, 2022 WL 2222485, at *2 (Fed. Cl. Spec. Mstr. May 24, 2022).

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds the hours to be mostly reasonable. Counsel has done a good job in providing detail in the billing entries and the only minor issue is that counsel and paralegals have consistently billed for review of the same orders, resulting in an excessive amount of time expended on their review. A reasonable reduction for this issue is $200.00. Petitioner is therefore awarded final attorneys' fees of $25,472.40.

### C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $866.25 in costs, comprised of acquisition of medical records, postage, and the Court's filing fee. Fees App. Ex. 2 at 1. These costs are all typical of Vaccine Program litigation, have been supported with appropriate documentation, and are reasonable in the undersigned's review. Petitioner is therefore awarded the full amount of costs sought.

D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$26,338.65** (representing $25,472.40 in attorneys' fees and $866.25 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner his attorney, Ms. Diana Stadelnikas.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.